IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| VICTOR CHARLES FOURSTAR, JR., | CV 16–19–GF–BMM–DLC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| RICHARD KANE, et al., | |
| Defendants. | |

## I. Background

Plaintiff Victor Fourstar, Jr. filed a Motion to Proceed in Forma Pauperis. (Doc. 1.) United States Magistrate Judge John T. Johnston recommended that the Court deny Mr. Fourstar's motion based upon the three strikes provision of 28 U.S.C. § 1915(g). (Doc. 6.) Judge Morris adopted Judge Johnston's Findings and Recommendations on June 6, 2016, the motion to proceed in forma pauperis was denied, and the Clerk was directed to enter a judgment of dismissal. (Doc. 10.)

Mr. Fourstar had also filed a "Motion for Recusal of Judges Pursuant to 28 U.S.C. §§ 144, 455(a)-(b) (Doc. 5) which Judge Morris denied as moot, in light of the Order denying Mr. Fourstar's Motion to Proceed in Forma Pauperis. (Doc. 9.)

On June 27, 2016, Mr. Fourstar filed a "Motion to Alter or Amend the

Judgment pursuant to Rule 59(e) of Fed.Civ.R.Proc.; Motion for Injunctive Relief; NOA; Order of Record and Transcripts." (Doc. 12.) Judge Morris referred the case to the undersigned for the limited purpose of ruling on this motion. (Doc. 13.)

Mr. Fourstar requests that the Court alter the judgment to reflect a dismissal without prejudice; alter or amend its judgment that denied as moot his motion for recusal; and order injunctive relief to require the "[residential re-entry center] in Montana State to enable home-confinement." (Doc. 12 at 2-4.) Also included in the motion is a notice of appeal and a request that the Clerk of Court process the appeal, and "prepare and supply" Mr. Fourstar the "certified docket record and transcripts" with the "costs to be applied to his inmate account." (*Id.*)

## II. Motion to Alter or Amend Judgment

The Court may grant a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure when the motion proves necessary to (1) "correct a manifest error of law or fact upon which the judgment rests"; (2) "present newly discovered or previously unavailable evidence"; (3) "prevent manifest injustice"; or (4) to address an "intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Federal district courts enjoy broad discretion to amend or refuse to amend judgments under Rule 59(e). *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

A.  Motion to Proceed in Forma Pauperis

The Court issued its Amended Order Adopting Magistrate Judge's Findings and Recommendations on June 6, 2016. (Doc. 10.) The Order denied Mr. Fourstar's request to proceed in forma pauperis under 28 U.S.C. § 1915(a). The Order also directed the Clerk of Court to issue a Judgment of dismissal. *Id.* Mr. Fourstar requests that the Court alter or amend the June 6, 2016 Judgment to dismissal without prejudice.

Judge Morris simply ruled that Mr. Fourstar was barred from proceeding in forma pauperis by the three strikes provision of 28 U.S.C. § 1915(g). The June 6, 2016 Judgment does not address whether the Court dismissed Mr. Fourstar's action with or without prejudice. (Docs. 10, 11.)

The Court takes this opportunity to clarify the Judgment as a dismissal without prejudice. Mr. Fourstar may pursue the claims raised in his Complaint, but he may not do so as a prisoner proceeding in forma pauperis. The Clerk of Court will be directed to enter an amended judgment indicating that this matter has been dismissed without prejudice.

B.  Motion for Recusal

Mr. Fourstar asks the Court to reconsider Judge Morris's Order denying the motion to recuse. Mr. Fourstar, "contends his herein facts in support demonstrate

an appearance of impropriety by the Montana Federal, state and administrative law Judge(s) in light of his alleged ongoing common scheme to perpetuate his invalid charges, convictions and sentences in both his federal and state convictions, and to perpetuate out date oil and gas regulations, and to perpetuate the exploitation of Indians." (Doc. 12 at 2.) He cites to *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016), a June 9, 2016, Supreme Court decision that addressed recusal of judges. The Court will consider Mr. Fourstar's Rule 59(e) argument to address a possible "intervening change in controlling law." *Allstate*, 634 F.3d at 1111.

Section 144 of Title 28 of the United States Code provides, in relevant part, as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. [... The party's affidavit] shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. The certificate of good faith required under this section must be provided by a member of the bar, or the movant's counsel of record. *See Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). Consequently, a pro se litigant who has not provided a certificate of good faith from a member of the bar may not employ the disqualification procedures set forth in 28 U.S.C. § 144. *Id.*;

*see also Jimena v. UBS AG Bank*, 2010 WL 2650714, *3 (E.D. Cal. 2010); *United States v. Briggs*, 2007 WL 1364682, *1 (D. Idaho 2007). Mr. Fourstar has not submitted a certificate of counsel as required by § 144. Thus, Mr. Fourstar cannot pursue recusal under this section.

The Court will, however, consider the merits of Mr. Fourstar's motion under the provisions of 28 U.S.C. § 455.[1] "Section 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1983). The statute provides, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a

---

[1] The undersigned has assumed jurisdiction in this case for the purposes of ruling on Mr. Fourstar's Motion to Alter or Amend Judgment. (Doc. 13.) Mr. Fourstar previously filed a motion to recuse Judge Morris pursuant to both 28 U.S.C. § 144 and § 455(a)-(b). (Doc. 5.) If a party files an affidavit properly alleging prejudice on the part of the district judge under 28 U.S.C. § 144, the judge must turn the matter over to another judge. That is what occurred here. However, Ninth Circuit law seems to suggest that a motion under 28 U.S.C. § 455 (a)-(b) be resolved by the same judge or judges whose impartiality is being questioned. *See In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994). However, because the basis for the disqualification is straight forward, and relates to the fact that Judge Morris heard one of Mr. Fourstar's appeals of a civil action while Judge Morris was a Justice on the Montana Supreme Court, this Court will resolve that issue as well in this Order. Returning this matter back to Judge Morris is unnecessary under these particular circumstances.

party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
> (ii) Is acting as a lawyer in the proceeding;
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a) and (b).

Section 455(a) requires disqualification for the appearance of partiality. What matters under section 455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for disqualification is an objective one. *Liteky v. United States*, 510 U.S. 540, 548 (1994). Disqualification is warranted if "a

reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) (quotation and citation omitted). The "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *Blixseth*, 742 F.3d at 1219, and *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008). Rather, the reasonable person is a "well-informed, thoughtful observer[,]" and is "someone who 'understand[s] all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 913-14 (citation omitted).

The analysis under section 455(a) is also subject to the "extrajudicial source" doctrine. *Liteky*, 510 U.S. at 554. The doctrine requires that the basis for disqualification generally must be "something other than rulings, opinions formed[,] or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14.

Mr. Fourstar argues that the Supreme Court's recent opinion in *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016) supports his motion for recusal. He alleges that Judge Morris has "corrupted the integrity" of his appeals because Judge Morris heard one of Mr. Fourstar's appeals of a civil action while Judge Morris was a Justice on the Montana Supreme Court and Judge Morris has also presided

in Mr. Fourstar's actions filed in federal court.

In *Williams,* a justice on the State Supreme Court hearing Mr. Williams's petition for post-conviction relief had been the district attorney who gave his official approval to seek the death penalty in Mr. Williams's case. *Williams*, 136 S. Ct. at 1903. Mr. Williams moved to recuse the justice but the justice denied the motion and participated in the decision to deny post-conviction relief. *Id.* The prosecutor in *Williams* acted as both the accuser and the judge in Mr. Williams's criminal proceedings. *Id.* at 1905. The Supreme Court found that a prosecutor who participates in a major adversary decision plays a most integral role in the accusatory process. *Id.*

In contrast to the prosecutor in *Williams*, Judge Morris's involvement in Mr. Fourstar's appeal at the Montana Supreme Court did not involve a "significant, personal involvement" in a critical decision regarding the defendant's case. *Id.* at 1904. Mr. Fourstar's case in front of the Montana Supreme Court while Judge Morris was on that Court did not concern the merits of the current case in controversy.[2] Moreover, the unconstitutional potential for bias present in *Williams* does not exist in this case where Judge Morris's has never participated as an

---

[2]*Fourstar v. Zemyan*, 2011 MT 137N was a legal malpractice case brought by Mr. Fourstar against his former attorney.

advocate against Mr. Fourstar. Judge Morris ruled on two post-conviction motions in *United States v. Fourstar*, Criminal Action No. 02-CR-00052-GF-BMM but as noted above, prior rulings in a case does not generally provide a basis for disqualification. *Holland*, 519 F.3d at 913-14.

Section 455(b)(1), requires disqualification if a judge has a personal bias or prejudice for or against a party. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987). Section 455(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citing *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978)).

The Judges of this Court have never displayed antagonism toward Mr. Fourstar. The mere denial of prior motions and/or the dismissal of prior cases is not a sufficient grounds for recusal. The motion for recusal was properly denied and the motion to alter or amend that order and/or the judgment based upon the motion for recusal will be denied.

Regardless of the ruling on the motion for recusal, the Court has reviewed United States Magistrate Judge John Johnston's May 17, 2016 Findings and Recommendations to deny Mr. Fourstar's Motion to Proceed in Forma Pauperis. (Doc. 6) and Mr. Fourstar's objections thereto and finds no error in Judge

Johnston's Findings and Recommendations.

### III. Motion for Injunctive Relief

In light of the denial of Mr. Fourstar's motion to proceed in forma pauperis and the fact that this case is closed, the Court will not interfere in Mr. Fourstar's placement once he released from custody and his request for injunctive relief based on alleged discriminatory practices related to his request for pre-release placement will be denied.

### IV. Notice of Appeal and Request for Transcripts

The Clerk of Court will be directed to process Mr. Fourstar's notice of appeal. (Doc. 12) As there are no transcripts arising out of this case, the motion for transcripts is denied.

Accordingly, it is **ORDERED** that:

1. Mr. Fourstar's Motion to Alter or Amend the Court's June 6, 2016 Judgment to reflect dismissal *without prejudice* is **GRANTED**. The Clerk of Court shall issue an amended judgment indicating that this action has been dismissed without prejudice.

2. Mr. Fourstar's Motion to Alter or Amend the June 6, 2016 Order denying his Motion for Recusal is **DENIED**.

3. Mr. Fourstar's Motion for Injunctive Relief is **DENIED**.

4. Mr. Fourstar's Notice of Appeal to the Court's June 6, 2016 Judgment (Doc. 9; Doc. 10; Doc. 11) takes effect as of the entry date of this Order. The Clerk of Court is directed to send a copy of Mr. Fourstar's notice of appeal to the Clerk's office of the United State Court of Appeals for the Ninth Circuit.

5. Mr. Fourstar's Motion for Transcripts is **DENIED**.

DATED this 6th day of September, 2016.

Dana L. Christensen
Chief Judge, United States District Court