FILED
NOV 2 2 2019
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., <br><br> Plaintiff, <br><br> vs. <br><br> RICHARD KANE, et al., <br><br> Defendants. | Cause No. 4:16-CV-19-SPW <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Before the Court are United States Magistrate Judge Timothy Cavan's Findings and Recommendations filed on September 30, 2019. (Doc. 42.) Judge Cavan recommends that this Court dismiss the action. Plaintiff Victor Fourstar filed timely objections (Doc. 43), entitling him to de novo review of the findings and recommendations he objects to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

I.  **Background**

Fourstar initiated this proceeding as a prisoner *in forma pauperis*. (Doc. 2.) In his initial complaint, Fourstar raised six claims: Claim 1, an impending civil commitment as a sexually dangerous person violated his rights; Claim 2, Fourstar was wrongfully required to register as a sex offender under the Sexual Offender

1

Registration and Notification Act (SORNA); Claim 3, prison officials in Florida wrongfully applied rules from a sex offender management program handbook to Fourstar; Claim 4, the entry of child support orders and enforcement proceedings violated Fourstar's rights; Claim 5 (Social Security)[1], social security administrators wrongfully refused to process Fourstar's application for social security benefits; Claim 5 (Pre-Release Centers in Montana and Wyoming), pre-release centers in Montana and Wyoming wrongfully limited Fourstar's pre-release placements; and Claim 6, the probate of his father's estate violated Fourstar's rights. (*Id.*)

The Magistrate filed an order notifying Fourstar of numerous deficiencies within his complaint and requiring a response. (Doc. 34.) Fourstar filed the required response and added new allegations disputing the validity of some of his prior federal convictions and revocations of his supervised release. (Doc. 35.)

Before the Court issued any order regarding Fourstar's original complaint or the allegations in his response, Fourstar filed a motion for leave to amend his complaint and attached an amended complaint. (Docs. 37, 37-1.)[2] Fourstar raised the following claims: Claim 1A, Fourstar was wrongfully required to register as a

---

[1] The Magistrate bifurcated Claim 5 into Claim 5 (Social Security) and Claim 5 (Pre-Release Centers in Montana and Wyoming) because Claim 5 contained two distinct sets of allegations. The Court separates them here as well.

[2] While Fourstar filed his amended complaint as a "proposed amended complaint" accompanying a motion for leave to amend, the Magistrate noted Fourstar could amend his complaint once as a matter of course under Fed. R. Civ. P. 15. (Doc. 42 at 9.) Therefore, the Magistrate and this Court accept Fourstar's "proposed amended complaint" as a properly-filed amended complaint.

sex offender; Claim 2A, law enforcement used excessive force when arresting Fourstar, violated the rights of Jason Birdtail, and illegally searched Fourstar's mother's home; Claim 3A, Fourstar and another individual, Douglas Paige, were wrongfully denied social security benefits; and Claim 4A, the Bureau of Prisons wrongfully denied Fourstar's request to attend pre-release centers in Montana, Wyoming, and Utah. Fourstar did not reallege Claims 1, 3, 4, and 6 of his original complaint in his amended complaint.

After Fourstar filed his amended complaint, the Magistrate completed the screening process and recommended the Court dismiss the action and certify that any appeal would not be taken in good faith. (Doc. 42 at 12.) Fourstar filed timely objections to the Magistrate's Findings and Recommendations. (Doc. 43.)

Fourstar's objections are disjointed and difficult to discern, but the Court has identified the following: (1) neither Fourstar nor his son Chad Fourstar (Chad) have received fair hearings on the alleged denial of their social security benefits because social security officials "strategically delayed" certain hearings until after Fourstar was arrested for supervised release violations; (2) Fourstar was unable to appear at a July 2, 2019 social security benefits hearing or show cause for his failure to appear because he was homeless; (3) his lifetime sex-offender registration requirements prevent him from renting public or tribal housing and have denied him due process in his social security disability proceedings; (4) the same restrictions denied Chad

3

due process because Fourstar was Chad's personal representative; (5) the dismissal of this case improperly affords the Defendants undue agency deference for their interpretation of social security regulations; (6) Fourstar is not required to register as a sex offender because the requirement to register is vague; (7) Fourstar is not required to register as a sex offender because Congress exceeded its power under the Necessary and Proper Clause to require an individual in Fourstar's situation to register; (8) a July 29, 2019 order of dismissal in Fourstar's social security benefits case was an unsworn document and therefore hearsay; and (9) the vague and disparate Bureau of Prisons transfer considerations and limitations against Fourstar do not arise out of a legitimate penological interest.

**I.  Discussion**

Fourstar is proceeding *in forma pauperis*. The Court must therefore review his amended complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a).

Ordinarily, an "amended complaint supersedes the original complaint and renders it without legal effect . . . ." *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). This is true where a pro se plaintiff files an amended complaint before a court dismisses any claims from his original complaint. *Id.* at 928 ("[F]or any claims voluntarily dismissed, we will consider those claims to be waived if not repled."). Fourstar could amend his complaint once as a matter of course. *See* Fed.

R. Civ. P. 15(a)(1). He did so after the Magistrate ordered him to respond to several deficiencies in his original complaint. (Doc. 34.) However, Fourstar did not reallege Claims 1, 3, 4, and 6 from his original complaint, and the Court finds the amended complaint has superseded them. Moreover, Fourstar does not refer to any of these claims in his objections. His objections stem from the Magistrate's recommendation to dismiss the claims in Fourstar's amended complaint.

The Magistrate also interpreted Fourstar's response (Doc. 35) to the Magistrate's earlier order (Doc. 34) as alleging additional claims. Fourstar does not object to the dismissal of these additional claims. Even if he did, the Court agrees with the Magistrate that Fourstar fails to state anything that could free the allegations from the *Heck* bar precluding civil litigation of claims implying the invalidity of a prior conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see* (Doc. 42 at 9).

The Court turns now to Fourstar's objections to the Magistrate's Findings and Recommendations. (Docs. 42, 43.) Having reviewed both documents, the Court overrules each of Fourstar's objections and adopts the Magistrate's Findings and Recommendations in full. The Court will dismiss the allegations in Claims 1A, 2A, 3A, and 4A in Fourstar's amended complaint (Doc. 37-1).

First, Chad is not a party to this case, and Fourstar, who is not an attorney, cannot represent Chad or raise claims on his behalf. L.R. 83.8. Objection (1) (as far as it pertains to Chad) and objection (4) are overruled.

Second, Fourstar states he filed a request for review of the denial of his social security benefits with the Social Security Administration Appeals Council on October 9, 2019. Fourstar does not state whether the Appeals Council has resolved his appeal, but it is reasonable to assume the appeal is still pending. Therefore, Fourstar's claim is premature. When Fourstar does receive a decision, he will have 60 days to file a new action in a federal district court. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. Objection (1) (as far as it pertains to Fourstar) and objections (2), (3), (5), and (8) are overruled because they pertain to the denial of Fourstar's social security benefits that Fourstar is in the process of appealing.

Third, Fourstar is clearly subject to sex offender registration requirements under SORNA. *See* 34 U.S.C. § 20913(b)(1). SORNA expressly applies to sex offenders who were serving prison sentences at the time of its enactment in July 2006. *See id.* At that time, Fourstar was serving a sentence for aggravated sexual abuse. Judgment (Doc. 110) at 1, Pet. for Warrant (Doc. 163) at 1, *United States v. Fourstar*, No. 4:02-CR-52-DLC (D. Mont. Jan. 17, 2017). SORNA applies to Fourstar.

Fourstar claims SORNA's requirements are vague but provides no substantive analysis in support. To the contrary, the requirements are not vague as applied to Fourstar—he was a sex offender serving a prison sentence at the time of SORNA's enactment. *See also United States v. Holcombe*, 883 F.3d 12, 17 (2d Cir. 2018) (rejecting a vagueness challenge to SORNA "in light of the specific facts of the case at hand.") Fourstar's vagueness challenge is meritless. Objection (6) is overruled.

Fourstar's argument that Congress exceeded its authority under the Necessary and Proper Clause when enacting SORNA is similarly meritless. SORNA is a constitutional exercise of Congressional authority. *United States v. Kebodeaux*, 570 U.S. 387, 394 (2013); *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1129 (9th Cir. 2014) ("[T]he Necessary and Proper Clause provided Congress ample authority to enact [SORNA] and to punish a state sex offender who . . . traveled interstate, for failing to register"). Fourstar's reliance on a dissenting opinion from *Untied States v. Comstock*, 560 U.S. 126, 179 (2010) provides him no foothold. Objection (7) is overruled.

Finally, the Magistrate notified Fourstar of several deficiencies regarding Claim 5 (Pre-Release Centers in Montana and Wyoming) of Fourstar's original complaint. (Doc. 34 at 3–4.) However, Fourstar failed to correct them either in his response (Doc. 35) or in his amended complaint (Doc. 37-1), where he refiled the claim as Claim 4A. *See* (Doc. 42 at 8–9.) Rather than address these persistent

deficiencies in his objections, he now asks for leave to amend his complaint to add additional claims against a pre-release center in Spokane, Washington. (Doc. 43 at 10.) The Court will provide him the opportunity to do so, but Fourstar must allege sufficient facts to state a claim for relief. Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Bare assertions that prison officials violated the law will not meet this standard. Fourstar *must* explain why he believes each pre-release center violated a federal law, the specific injuries he suffered as a result, and why this Court has personal jurisdiction over prison officials in other states. *See* (Doc. 34 at 3–4.) Failure to meet these requirements will result in the dismissal of the claim with prejudice. Objection (9) is overruled, but Fourstar will be granted leave to amend his complaint.

## II.   Leave to Amend

Where a petitioner is pro se, particularly in civil rights cases, the Court has an obligation "to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir.1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122

(9th Cir. 2000)) (en banc). This Court "should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted)).

The Magistrate previously afforded Fourstar the opportunity to amend his complaint and correct its deficiencies. (Doc. 34.) Fourstar filed an amended complaint. (Doc. 37-1.)

Claim 1A of Fourstar's amended complaint alleges he was wrongfully required to register as a sex-offender and attributes several injuries to this requirement. Fourstar provides no factual support for any of these allegations. Fourstar is also barred from relitigating his prior convictions in this civil action. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Even so, Fourstar is clearly required to register as a sex-offender. The deficiencies of Claim 1A cannot be cured by amendment.

Claim 2A attempts to raise several claims on behalf of other individuals (Birdtail and Fourstar's mother) or claims that are wholly separate from the transactions and occurrences involved in Fourstar's original complaint—namely, that an officer used excessive force when arresting Fourstar pursuant to a petition to revoke his supervised release. (Doc. 37-1 at *ii, v*). Further, the allegations involve

9

new defendants not previously named in the action. The Court agrees with the Magistrate that these new claims and defendants are not properly joined with the claims and defendants in the original complaint. Fed. R. Civ. P. 18, 20(a)(2)(A); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (construing Fed. R. Civ. P. 20(a) in the context of prisoner litigation and concluding "[u]nrelated claims against different defendants belong in different suits . . . ."). The deficiencies of Claim 2A cannot be cured by amendment. Fourstar is free to bring a new suit against these new defendants. However, he *cannot* bring claims on behalf of other individuals. L.R. 83.8.[3]

Claim 3A relates to Fourstar's denial of social security benefits. Fourstar states he is currently appealing this denial with the Social Security Administration Appeals Council. Because that appeal presumably is pending, Claim 3A's deficiencies cannot be cured by amendment. Fourstar is free to bring a new suit after his appeal is resolved. However, once again, he *cannot* bring claims on behalf of other individuals (e.g., Douglas Paige). L.R. 83.8. Furthermore, the Court draws Fourstar's attention to *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988). He cannot bring a *Bivens* action against officials of the Social Security Administration or

---

[3] Under this same rule, Fourstar cannot represent a class of plaintiffs as a *pro se* litigant. His request to certify a class action for both Claims 2A and 3A is denied.

10

administrative law judges. Failure to adhere to this rule may result in the dismissal of his case.

Finally, as the Court previously stated, Fourstar is granted leave to amend Claim 4A to add claims about the pre-release center in Spokane, Washington. However, he *must* explain why he believes the pre-release centers in Montana, Wyoming, Utah, and Washington violated a federal law; the specific injuries he suffered as a result; and why this Court has personal jurisdiction over prison officials in other states. *See* (Doc. 34 at 3–4.) Accordingly,

**IT IS HEREBY ORDERED:**

1. Fourstar's motion to amend (Doc. 37) is DENIED as MOOT. However, the Court accepts Fourstar's amended complaint, which he was permitted to file as a matter of course under Fed. R. Civ. P. 15.

2. The Magistrate's Findings and Recommendations (Doc. 42) are adopted IN FULL.

3. Fourstar's request to certify a class action for both Claims 2A and 3A (Doc. 37-1) is DENIED.

4. Claims 1A, 2A, and 3A, along with any claims made in Fourstar's response (Doc. 35) are DISMISSED WITH PREJUDICE.

5. Fourstar is granted leave to amend Claim 4A. He must file a second amended complaint by December 6, 2019.

6. A Certificate of Appealability is DENIED pursuant to Fed. R. App. P. 24(a)(4)(B), as any appeal from this disposition would not be taken in good faith.

DATED this 21st day of November 2019.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge