

MAR 2 6 2020

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

|  |  |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., <br><br> Plaintiff, <br><br> vs. <br><br> RICHARD KANE, et al., <br><br> Defendants. | Cause No. CV 16-19-GF-SPW <br><br> **ORDER** |

Plaintiff Fourstar filed this action in March 2016, alleging violations of his rights under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and many other provisions of law against numerous defendants, all stemming from Fourstar's conviction for aggravated sexual abuse in 2003 and ensuing incarceration. United States Magistrate Judge Timothy J. Cavan gave Fourstar notice of certain deficiencies and an opportunity to amend. *See* Order to Amend (Doc. 34). On September 30, 2019, Judge Cavan entered Findings and Recommendations (Doc. 42), concluding that Fourstar failed to state a claim on which relief might be granted and recommending dismissal. On November 22, 2019, this Court adopted the Findings and Recommendations but extended one final opportunity to Fourstar to file a second amended complaint. *See* Order (Doc. 44).

1

## I. Second Amended Complaint

Fourstar filed his second amended complaint on December 9, 2019. He names three defendants: Kathleen Hawk Sawyer and the United States Parole Commission, both of Washington, D.C., and Dominic Ayotte of Stockton, California. *See* Second Am. Compl. (Doc. 45) at 1–2; *id.* at 2 ¶ 1. Elsewhere, he refers to prerelease centers in Gillette, Wyoming; Billings, Montana; and Spokane, Washington; as defendants. *See id.* at 2–3 ¶ 2.

As the Court understands it, the Second Amended Complaint alleges the defendants used various employment perquisites to bribe prison staff to engage in "delayed and discriminatory implementation" of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), or else failed to train them to comply with the Act, so that Fourstar failed to obtain prerelease placement. Second Am. Compl. (Doc. 45) at 2. He also claims the defendants discriminated against him by granting one individual's application for prerelease placement but denying his and by using "confidential mental health records" to assess the level of risk he would pose should he be released. *Id.* at 3.

## II. Analysis

The Court will set aside its serious concerns about personal jurisdiction and consider only whether the Second Amended Complaint states a claim on which relief may be granted.

2

### A. Hawk Sawyer, U.S. Parole Commission, and Ayotte

Fourstar has already been advised he must "explain whether he personally was found to be in need of a longer [than six months] prerelease placement, whether he was offered placement anywhere other than Montana or Wyoming, and how he was injured by not being placed in a Montana or Wyoming prerelease center for more than six months." Order to Amend (Doc. 34) at 3–4. In response, he abandoned the allegations he originally made about prerelease centers. His second amended complaint offers a new iteration of insubstantial allegations against different defendants. Despite the length of his complaint and the numerous laws he cites, Fourstar's allegations support just one inference: he did not obtain certain prerelease placements, so the defendants must have violated the law.

A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions are all that Fourstar offers in his claim against Hawk Sawyer, the United States Parole Commission, and Dominic Ayotte.

### B. Prerelease Centers

Against the prerelease centers, Fourstar alleges:

a.) June 20, 2016 negligently and discriminatorily, Jeremiah Wiberg (a caucasion sex offender/computer crime) was allowed to twice attend the Gillette, WY., but not Plaintiff/native american Fourstar.

b.) On or about December 10, 2017 Billings, MT. Pre-release (Alpha House) did negligently and discriminatorily allowed Jeremiah Wiberg

3

to attend the Alpha House, but not Plaintiff Fourstar.

c.) On or about December 5, 2019 Defendant Spokane, WA. Pre-release Center denied Fourstar Pre-release attendance, but allowed Jeremiah Wiberg to attend from Aug., 2018–Nov., 2018.

d.) Said Pre-release operated as one continuous unit with prison official to discriminatorily provide[1] Fourstar with "sufficient duration to provide the greatest likelihood of successful reintegration into the community" in violation of 18 U.S.C. §§ 666 et seq., 1343 and 18 U.S.C. §§ 3621, 3624(c)(1) and as one continuous unit in violation of Fourstar's privacy rights in the PATTERN-Tool.

Second Am. Compl. at 2–3 [sic throughout].[2]

To determine what Fourstar means by "discrimination," the Court has reviewed each of his submissions in this case. The original complaint and exhibits suggest that Fourstar believes it is unfairly discriminatory to consider someone who receives child pornography a non-violent offender while considering someone who commits aggravated sexual abuse a violent offender. *See* Compl. (Doc. 2) at 15–17; Compl. Exs. (Doc. 2-1) at 5–16. At least, that is how the Court interprets his otherwise opaque references to categorical analysis and *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

In September 2016, Fourstar filed a motion to supplement his post-judgment

---

[1] The Court believes Fourstar meant to say the prerelease centers "discriminatorily failed to provide" sufficient time in a community setting.

[2] Paragraph 3, following the allegations quoted here, identifies various provisions of state or federal law and asserts that Fourstar "suffered deprivation of rights" under them. *See id.* at 3 ¶ 3. He has already been advised that identifying statutory provisions and asserting defendants have violated them does not state a claim. *See* Order to Amend (Doc. 34) at 3 ¶ A.

4

Rule 59 motion. He attached as an exhibit a document that appears to be a copy of a letter he sent to the director of a residential reentry center in Salt Lake City. In the letter, Fourstar said:

> I contend that the class of offender determination lacks credibility, and rather reeks of racial discrimination in light of the recent RRP placement of Jeremiah Robert Wiberg, Register No. 12954-041 by the Gillette, Wyoming RRP. Indeed, Mr. Wiberg was convicted of federal criminal statute receiving child porn, 18 U.S.C. § 2252A(a)([illegible]).
> Clearly Mr. Wiberg's RRP placement was due to his caucasian lineage, and lack of drug and alcohol dependency and/or rehabilitative needs where he has already received his treatment at F.C.I.-Marianna, FL. (the very same residential drug and alcohol treatment that was denied to Fourstar because of alleged state and federal sex offenses). Alas, my Native lineage and drug, alcohol and medical needs have proven to be prejudicial obstacles and prevent me from enjoying the same programs that Mr. Wiberg has been afforded by the State of Wyoming RRP division.

Mot. to Supp. Exs. (Doc. 17-1) at 1.

In his objections to Judge Cavan's Findings and Recommendation, Fourstar said:

> Fourstar contends that leave to amend is necessitated in light of Federal Detention Center SeaTac currently conspiring to deny Fourstar pre-release (which now includes Spokane, WA. Pre-release center), as on 10/9/2019 when FDC SeaTac put Fourstar in for pre-release that same day staff advised Jeremy Wiberg that all the pre-release in Montana, Wyoming and Washington are full and no bed spaces will be open until February, 2019 i.e. the month following Fourstar's 1/17/2020 full term release (NOTE: Mr. Wiberg was allowed to attend the Spoke, WA. pre-release center in Aug.–Oct., 2018 from FDC SeaTac. Mr. Wiberg is the same example of disparate prerelease considerations in his principle complaint.

5

Objections (Doc. 43) at 10 [sic throughout].[3]

Fourstar's statement that he is Native American and Wiberg is Caucasian, *see* Second Am. Compl. at 3, does not support an inference that the prerelease centers discriminated against Fourstar because he is Native American. Fourstar's submissions over the course of this case mention several factors involved in prerelease decisions: offense of conviction, other criminal history, history of drug and/or alcohol abuse and any treatment or lack thereof, history of engaging in violent offenses or conduct, lack of prerelease beds or space. These are rational, non-discriminatory, and indeed essential factors to consider in deciding who is and is not an appropriate candidate for prerelease placement.

The Court realizes that conviction of a particular offense and that offense's classification as "violent" may affect the timing and extent of a person's ability to obtain treatment or other useful rehabilitative programs in prison. And the nature and quality of his access to these programs may in turn affect his access to prerelease placement as well as his ability to succeed when released. But these facts do not support a lawsuit.

To state a claim on which relief may be granted, Fourstar's allegations must

---

[3] In this document, Fourstar argues that denying him retroactive Social Security benefits for the period of his incarceration is "discriminatory," and he suggests, "The definition of 'discriminatory' is "'inherently' ambiguous and illegal." Objections (Doc. 43) at 8.
The Court also reviewed the amended complaint. *See* Am. Compl. (Doc. 37-1) at 34–35. It is not able to discern any allegations relating to discrimination.

meet a standard of plausibility, which "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Even assuming the actions set forth in the Second Amended Complaint are "consistent with" defendants' liability, they clearly fail to cross the line from possibility to plausibility. *See id.*

## III. Conclusion

If there is a claim on which Fourstar might obtain relief in this Court against these defendants for the events or decisions Fourstar has in mind, he has had ample opportunity to state it. There is no claim to be made. The Second Amended Complaint fails to state a claim and will be dismissed with prejudice.

Accordingly, **IT IS ORDERED**:

1. Fourstar's Second Amended Complaint (Doc. 45) is **DISMISSED WITH PREJUDICE**.

2. The clerk shall enter, by separate document, a judgment of dismissal.

3. The Court **CERTIFIES**, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

DATED this 26th day of March, 2020.

Susan P. Watters
United States District Court